IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RODNEY L. TRUDELL,<br><br>     Plaintiff,<br>v.<br>MR. COOPER/NATIONSTAR<br>MORTGAGE LLC, et al.,<br><br>     Defendant. | Case No. 3:24-cv-00244-SLG<br><br>**MOTION TO DISMISS**<br><br>Superior Court for the State of Alaska<br>Third Judicial District at Anchorage<br>Case No. 3AN-24-09048CI<br>Complaint Filed: September 25, 2024 |

### NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS

Defendant, Nationstar Mortgage LLC (**Nationstar**) moves this court to dismiss Mr. Trudell's verified complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted because it is the quintessential "shotgun pleading" comprising of an incoherent assembly of inconsistent allegations and legal conclusions. Mr. Trudell's complaint can best be described as a misguided attempt to stay in his home after his non-payment default resulted in the non-judicial foreclosure of his property. Nationstar further states as follows:

#### FACTUAL BACKGROUND

Mr. Trudell executed a deed of trust to Coast 2 Coast Funding Group, Inc (**C2C**) on February 5, 2008. (See **EXHIBIT A**, Complaint at Exhibit A.) The deed of trust was secured by real property located at 604 N Bragaw St., Anchorage, Alaska 99508. On July 13, 2022, C2C assigned the deed of trust to Nationstar (*Id.* at Exhibit C.) After Mr. Trudell defaulted by failing to make the installment payment due February 1, 2022, Nationstar conducted a non-judicial foreclosure sale of the property inside the Boney Courthouse in Anchorage, Alaska on June 20, 2024. Subsequently, a trustee's deed was issued. From these facts, Mr. Trudell brings this action.

## ARGUMENT

**1. Mr. Trudell's Complaint is an Impermissible Shotgun Pleading.**

Mr. Trudell's "quiet title" action is an impermissible shotgun pleading and this court should dismiss the complaint for non-compliance with the Federal Rules of Civil Procedure. "Rule 12(b)(6), which tests the legal sufficiency of the claims asserted in the complaint, must be read in conjunction with Rule 8, which requires a 'short and plain statement showing that the pleader is entitled to relief'. . . .'" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003) (citation omitted). The court in *Sobocienski* discussed the requirements of establishing a claim in compliance with Rule 8. *Sobocienski v. Haeker,* No. 3:21-CV-00054-JMK, 2021 WL 11586237, at *6 (D. Alaska May 17, 2021). "Each claim should identify (1) the specific harm that Ms. Sobocienski alleges she has suffered, (2) when that harm occurred, (3) where that harm was caused, (4) who she alleges caused that specific harm to her, and (5) what specific law she alleges was violated as to that specific claim." *Id.*

Mr. Trudell's complaint is fundamentally flawed. Like the plaintiff in *Sobocienski*, Mr. Trudell has adopted a "kitchen sink" or "shotgun" strategy, presenting numerous conclusory legal arguments that lack clear articulation. He references various laws and court cases but fails to explain how they specifically apply to the circumstances of his case, making it challenging, at best, to understand the legal basis for his claims. For example, the complaint cites the Dodd-Frank Act, the Code of Federal Regulations, Alaska State Laws, and the Uniform Commercial Code, but does not adequately explain their relevance to Mr. Trudell's situation.

Additionally, the complaint contains inconsistent and confusing statements. For instance, it claims that the promissory note has been securitized and therefore discharged, while also asserting that the defendants are not the real parties of interest. Furthermore, Mr. Trudell makes

general allegations of fraud and misconduct without providing specific instances or evidence to support these claims, in violation of Fed. R. Civ. P. 9(b). Moreover, the prayer for relief includes broad and generalized requests, such as declaring the promissory note fully discharged and restoring the property and title to Mr. Trudell. These requests are unsupported, and the complaint fails to allege sufficient facts, which if true, would warrant such relief. Given the many different claims packaged into a "quiet title" action, Nationstar cannot provide a meaningful response.

2. **Mr. Trudell's Complaint Fails to State a Claim for RESPA Violations.**

Mr. Trudell's complaint is too vague to conclusively discern every count. However, in a proactive approach, it appears that part of his complaint claims that Nationstar violated sections of RESPA. First, Mr. Trudell claims that he sent qualified written requests and requests for production to Nationstar. A qualified written request (**QWR**) is defined as:

> a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-- **(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and **(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C.§ 2605(e). A QWR must seek information related to the servicing of the loan. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). This "[e]nsures that the statutory duty to respond does not arise with respect to *all* inquiries or complaints from borrowers to servicers." *Id.* "'Servicing' so defined, does not include the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement. *Id.* "[L]etters challenging only a loan's validity or its terms are not [QWRs] that give rise to a duty to respond under § 2605(e). *Id.*

Mr. Trudell alleges that he submitted a letter purporting to be a QWR to Nationstar and that Nationstar gave a "vague" response insisting that he has "no right to inquire the facts of the contract." (See **EXHIBIT A**.) Mr. Trudell's letter clearly challenges the validity and origination of the loan. The letter was noticeably not about loan servicing. Thus, even though Nationstar was not obligated to respond, its response was sufficient and did not constitute a violation of RESPA. Mr. Trudell's requests for documentation are similarly unfounded. He sought the wet ink note and deed of trust. Again, while Nationstar was not required to respond to this request, it provided a copy of the deed of trust. Mr. Trudell incorrectly claims that Nationstar's failure to provide the wet ink versions results in a RESPA violation.

Finally, Mr. Trudell claims that Nationstar violated dual tracking prohibitions put in place by 12 C.F.R. § 1024.41. "To curb dual tracking, RESPA's implementing regulations—specifically Regulation X—prevent a servicer from 'mov[ing] for foreclosure judgment or [an] order of sale' after 'receiving "a complete loss mitigation application" from the borrower' within a certain time period and subject to certain exceptions." *Hunte v. Rushmore Loan Mgmt. Services, LLC*, No. 22-CV-2169 (KMK), 2024 WL 1076683, at *3 (S.D.N.Y. Mar. 11, 2024).

The complaint makes broad and generalized allegations without providing specific details or evidence to support them. For example, it claims that Nationstar engaged in "federal dual tracking forced foreclosure conduct" and violated various laws, but it does not provide concrete instances, facts, or documentation of these alleged violations. Mr. Trudell only asserts that Nationstar told him to "become delinquent on his mortgage before an application could be initiated." His complaint does not specify even in a broad sense what occurred after Nationstar allegedly told him that.

Mr. Trudell admits he was current with on his loan payments but sought a lower payment and interest rate from Nationstar. Loss mitigation procedures are for individuals facing financial hardship who are seeking to stay in their home and avoid foreclosure. Even if that were Mr. Trudell's case, "nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Without additional facts to support his claim for relief, Mr. Trudell fails to state a claim for dual tracking solely because his loss mitigation application was denied.

Therefore, Mr. Trudell's complaint fails to state a claim for RESPA violations.

### 3. Mr. Trudell's Complaint Fails to State a Claim to Quiet Title.

Mr. Trudell seeks to clear an alleged cloud on his title to the property. "Under Alaska law, a person in possession of real property 'may bring an action against another who claims an adverse estate or interest in the property for the purpose of determining the claim.'" *Dalby v. Ditech Fin. LLC*, No. 3:19-CV-00003-SLG, 2019 WL 6179218, at *3 (D. Alaska Nov. 20, 2019). Mr. Trudell's complaint clearly indicates that the foreclosure sale has occurred, and he no longer holds title to the property. "While it may not be necessary for a plaintiff to have a perfect title, to make out a prima facie [quiet title] case he must at least prove that he has a substantial interest in the property and that his title is better than that of the defendants." *Shilts v. Young*, 643 P.2d 686, 689 (Alaska 1981). Through the pleadings in the complaint, Mr. Trudell admits that he no longer holds title to the property. His complaint fails to mention any substantial interest in the property or assert that his title is superior to that of the bona fide purchaser. Even if Mr. Trudell is currently occupying the property, that alone is not sufficient to maintain a quiet title claim. *See Dalby v. Ditech Fin. LLC*, No. 3:19-CV-00003-SLG, 2019 WL 6179218, at *5 (D. Alaska Nov. 20, 2019). "[O]ne in

possession merely, without legal or equitable title, cannot maintain a suit to quiet title." *Id.* Thus, Mr. Trudell has not established a prima facie case for quiet title.

However, even if Mr. Trudell had plead sufficient interest, this court has previously held that the "tender-rule" dictates that a plaintiff must satisfy their obligations under a deed of trust in order to maintain a quiet title claim against a lender. *See id.*; *see also Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1076 (D. Alaska 2012).

Lastly, Mr. Trudell mentions an unclear chain of title but does not provide a detailed or coherent argument showing how the chain of title is broken or clouded. Mr. Trudell makes a baseless argument that the promissory note was securitized and sold to a REMIC, meaning the original lender no longer holds the note, and thus, Nationstar lacks standing to enforce the note or foreclose on the property. Ultimately, the count contains general allegations and legal conclusions without sufficient factual support to demonstrate that the title is clouded. Even if Mr. Trudell had sufficiently pled the claim (he has not), the complaint's exhibits contradict these allegations. Mr. Trudell attached the subject deed of trust and the subsequent assignment conveying the deed of trust to Nationstar. (See **EXHIBIT A**, Exhibit A & C.) These exhibits confirm that Nationstar had standing to proceed with the non-judicial foreclosure as the holder of the deed of trust. Therefore, Mr. Trudell's claim for clouded title fails to state a claim.

**4. Mr. Trudell's Complaint Fails to State a Claim for Invalid Assignment.**

As previously mentioned, Mr. Trudell's exhibits clearly show this court that Nationstar had properly been assigned the underlying deed of trust. Such assignment "conveys, grants, assigns, and transfers, the deed of trust with all liens, and any rights due or to become due to Nationstar." (*Id.* at Exhibit C.) Thus, Nationstar had standing to foreclose and sell the property at auction. Mr. Trudell argues that, under "real estate law," all parties must be notified of the assignment. This is

a legal conclusion with no clear line of support. Moreover, the recording the mortgage assignment places the public at large on constructive notice of the assignment.

Finally, Mr. Trudell attempts to support his invalid assignment claim by referring to a bankruptcy case discussing California laws on mortgage transfers. *See In re Walker*, No. 10-21656-E-11, 2010 Bankr. LEXIS 3781 (Bankr. E.D. Cal. May 20, 2010). The cited case pertains to a debtor's objection to a creditor's proof of claim, which is not relevant here. The sole issue in this case is whether Nationstar had standing to foreclose.

The assignment clearly grants Nationstar the authority to act within the scope of the deed of trust. The Supreme Court of Alaska, in *Espeland v. OneWest Bank, FSB*, discusses the circumstances and validity of an assignment remarkably similar to Mr. Trudell's situation. *Espeland v. OneWest Bank, FSB*, 323 P.3d 2, 12 (Alaska 2014). Like Mr. Trudell, the Espelands challenged MERS ability to assign the mortgage and subsequently allow the assignee to conduct the non-judicial foreclosure. *Id.* That court held:

> But the Espelands' Deed of Trust granted MERS, as nominal holder of the beneficial interest, the right to "take any action of [the] Lender" including "the right to foreclose and sell the Property." As nominee, MERS had the authority to take any action that the actual beneficiary could have taken, including transferring its nominal beneficial interest to another party. The Espelands have cited no Alaska authority to the contrary. MERS had the power to assign the Deed of Trust and thereby transfer its nominal beneficial interest to IndyMac Federal Bank.

*Id.* Here, MERS performed the same assignment. (See **EXHIBIT A**, Exhibit C.)

Moreover, Mr. Trudell does not have standing to challenge the assignment. The mortgage assignment is a contract between the assignee and the assignor, and the borrower is not a third-party beneficiary with standing to challenge it. While this court has not directly ruled on the issue, many circuits presented with this issue have found that the borrower lacks standing to challenge the assignment. *See Nucci v. PHH Mortgage Corp.*, 679 Fed. Appx. 48, 50 (2d Cir.

2017) ("Nucci was not a party to, or a third-party beneficiary of, the assignments of his mortgage, and therefore did not have prudential standing to challenge those transactions."); *Hendrix-Smith v. JP Morgan Chase Bank N.A.*, No. 20-10831, 2021 WL 4059784, at *2 (11th Cir. Sept. 7, 2021) ("Here, the district court correctly determined that Hendrix-Smith, as a debtor, was not a third-party beneficiary of the mortgage loan assignment and therefore lacked standing to challenge the assignment."); *Christie v. Bank of New York Mellon, N.A.*, 617 Fed. Appx. 680, 681 (9th Cir. 2015) ("As a borrower, Christie does not have standing under California law to challenge irregularities in the assignment of her Note or Deed of Trust because those instruments are negotiable and her obligations thereunder remain unchanged even if her creditor changes.") Therefore, Mr. Trudell fails to state a claim for an invalid assignment.

5. **Mr. Trudell's Complaint Fails to State a Claim for Unclear Chain of Title**

In this count, Mr. Trudell is essentially rehashing his prior arguments that Nationstar did not have standing to foreclose. Again, Mr. Trudell's own exhibits undermine his claims. This assignment demonstrates a clear chain of title and contradicts Mr. Trudell's assertion that there is no evidence of transfer. The assignment is a valid document that establishes Nationstar's interest in the property. As support for this argument, Mr. Trudell cites to case law that is inapplicable here. The cited case is specific to Massachusetts law and does apply to the laws governing the current case in Alaska. Thus, this count should be dismissed for failing to state a claim.

## CONCLUSION

Mr. Trudell's complaint does not contain any valid claims and merely lists a plethora of unsubstantiated legal conclusions. His reliance on cases and legal principles is misplaced and does not support the assertion that the chain of title is defective or that the defendants lack standing to enforce the note. The cited case law and statutes either do not apply to the current jurisdiction or

have been misinterpreted by Mr. Trudell. Consequently, the quiet title action fails to state a cause of action upon which relief can be granted.

WHEREFORE, Nationstar Mortgage LLC, prays that this honorable court dismiss Mr. Trudell's complaint with prejudice and for such other and further relief as the court deems necessary.

DATED: November 27, 2024        NORTH STAR LAW GROUP, LLC
Counsel for Nationstar Mortgage LLC,

 /s/ Brian Riekkola
Brian Riekkola
Alaska Bar No. 1406062