# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RODNEY L. TRUDELL,

        Plaintiff,

    v.

HILLARY R. MCCORMACK, *et al.*,

        Defendants.[1]

Case No. 3:24-cv-00244-SLG

## ORDER GRANTING DEFENDANTS' MOTIONS AT DOCKETS 6-8

On November 7, 2024, Defendants Nationstar Mortgage LLC/Mr. Cooper filed a Notice of Removal in this Court that removed this case originally filed in state court by self-represented litigant, Rodney L. Trudell ("Plaintiff").[2] Now pending before the Court are Defendants' motions to dismiss. At Docket 6, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") filed a motion to dismiss the complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[3] At Docket 7, Defendant Hillary R. McCormack filed a motion to join Defendant Nationstar's motion to dismiss. At Docket 8, Defendant Coast 2 Coast Funding Group, Inc., ("Coast 2 Coast") filed a motion to dismiss under Rules 12(b)(5) and

---

[1] According to the Notice of Removal, "[t]he case caption incorrectly names Nationstar. It should read Nationstar Mortgage LLC d/b/a Mr. Cooper." Docket 1 at 1.

[2] Docket 1.

[3] Docket 6.

12(b)(6). To date, Plaintiff has not responded to any of these motions. The Court has reviewed the motions and finds, for the reasons articulated by Defendants, that dismissal of Plaintiff's complaint is warranted, and therefore GRANTS Defendants' motions.  As explained below, Plaintiff's claims against Defendant Coast 2 Coast are DISMISSED with prejudice. Plaintiff's claims against Defendants Nationstar and McCormack are also DISMISSED but without prejudice. Although amendment of Plaintiff's remaining claims is likely futile, Plaintiff is granted leave to amend his claims against only Defendants Nationstar and McCormack.

I. **Requirements to State a Claim**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a case for "failure to state a claim upon which relief can be granted." To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *Ashcroft*, 556 U.S. at 678.

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 2 of 10
Case 3:24-cv-00244-SLG    Document 9    Filed 02/18/25    Page 2 of 10

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[6] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[7] Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[8] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between that specific injury and the conduct of that defendant.[9]

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Under Rule 15(a), leave to amend "shall be freely given when justice so requires."[10] However, the Court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[11] Amended may be considered futile when

---

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[8] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[9] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 3 of 10
Case 3:24-cv-00244-SLG   Document 9   Filed 02/18/25   Page 3 of 10

the claims lack a cognizable legal basis[12] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[13]

## II. Defendants Nationstar and McCormack's Motion to Dismiss

Upon review, Plaintiff's Complaint fails to plead sufficient facts that, if accepted as true, state a plausible claim against Defendants Nationstar or McCormack. Defendant McCormack's motion at **Docket 7** to join Defendant Nationstar's motion to dismiss **is GRANTED**. The motion to dismiss the Complaint at **Docket 6 is GRANTED**. Although amendment is likely futile, Plaintiff is accorded **30 days** from the date of this order in which to file an amended complaint that states a plausible cause of action against Defendants Nationstar or McCormick.

## III. Defendant Coast 2 Coast's Motion to Dismiss

Defendant Coast 2 Coast moves to dismiss under Rules 12(b)(5) and 12(b)(6).[14] First, Coast 2 Coast asserts Plaintiff has yet to properly serve it with process. Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss the complaint for insufficient service of process.[15] "A federal court does not have jurisdiction over a defendant unless the defendant has

---

[12] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[13] *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted).

[14] Docket 8.

[15] Fed. R. Civ. P. 12(b)(5).

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 4 of 10
Case 3:24-cv-00244-SLG   Document 9   Filed 02/18/25   Page 4 of 10

been served properly under [Rule] 4."[16] If a court finds that service was improper, it has the discretion to dismiss the action or to quash service.[17] Plaintiff has failed to provide proof of service or respond to Defendant Coast 2 Coast's motion to dismiss.

Coast 2 Coast has also moved to dismiss the Complaint against it for failure to state a claim under Rule 12(b)(6). In this regard, Coast 2 Coast asserts that even if service were to be perfected, allowing Plaintiff leave to file an amended complaint against Coast 2 Coast would be futile.[18] The Court agrees; Plaintiff cannot state a viable cause of action against Coast 2 Coast because "Coast 2 Coast makes no claims to the Property and has not since 2008."[19] Therefore, Coast 2 Coast's motion to dismiss at Docket 8 is GRANTED with prejudice due failure to state a claim under Rule 12(b)(6).[20]

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[21] Any claim not included in the amended complaint will be considered waived. An

---

[16] *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).

[17] *S.J. v. Issaquah Sch. Dist. No. 411,* 470 F.3d 1288, 1293 (9th Cir. 2006).

[18] *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

[19] Docket 8 at 2.

[20] Fed. R. Civ. P. 12(b)(5); *see also* Fed. R. Civ. Proc. 4(m).

[21] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 5 of 10
Case 3:24-cv-00244-SLG    Document 9    Filed 02/18/25    Page 5 of 10

amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[22] A plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[23] Rather, a complaint need only allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[24] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the complaint.[25] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered

---

[22] Fed. R. Civ. P. 8(a)(2).

[23] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[24] Fed. Rule Civ. Proc. 8(a)(2).

[25] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 6 of 10
Case 3:24-cv-00244-SLG    Document 9    Filed 02/18/25    Page 6 of 10

paragraphs, each limited as far as practicable to a single set of circumstances."

While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[26] Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading with the court, they certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[27]

Plaintiff is accorded **30 days** from the date of this order to file an amended complaint with respect to only his claims against Defendants Nationstar and McCormack. Although Plaintiff is being given an opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must not include any claims against Coast 2 Coast.

**IT IS THEREFORE ORDERED:**

1. Defendant McCormack's motion at **Docket 7 is GRANTED.**

---

[26] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

[27] Fed. R. Civ. P. 11(b)(2–3).

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 7 of 10
Case 3:24-cv-00244-SLG   Document 9   Filed 02/18/25   Page 7 of 10

2. Defendants Nationstar and McCormack's motion to dismiss at **Docket 6 is GRANTED.** Plaintiff's claims against these Defendants are **DISMISSED without prejudice.**

3. Defendant Coast 2 Coast's motion to dismiss at **Docket 8 is GRANTED.** Plaintiff's claims against Coast 2 Coast are **DISMISSED with prejudice.** Plaintiff must not bring any claims against Defendant Coast 2 Coast in an amended complaint.

4. Plaintiff is accorded **30 days from the date of this order** to file an amended complaint, in which he may revise and include only his claims against Defendants Nationstar or McCormack.

5. Alternatively, Plaintiff may file a notice of voluntary dismissal, in which Plaintiff elects to close and end this case.

6. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form within **30 days from the date of this order,** this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

7. If Plaintiff elects to proceed with this case, Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 8 of 10
Case 3:24-cv-00244-SLG    Document 9    Filed 02/18/25    Page 8 of 10

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[28] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[29] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to Plaintiff.

10. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. A plaintiff may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

---

[28] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[29] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 9 of 10
Case 3:24-cv-00244-SLG   Document 9   Filed 02/18/25   Page 9 of 10

11. With this order, the Clerk is directed to send: (1) U.S. Courts form ProSe1, Complaint for a Civil Case[30]; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 18th day of February 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[30] U.S. Courts, Complaint for a Civil Case, *available at* https://www.uscourts.gov/forms-rules/forms/complaint-a-civil-case.

Case No. 3:24-cv-00244-SLG, *Trudell v. McCormack, et al.*
Order Granting Defendants' 12(b) Motions to Dismiss
Page 10 of 10
Case 3:24-cv-00244-SLG    Document 9    Filed 02/18/25    Page 10 of 10